WILLIAM P. BRIGGS *v.* TOWN OF GEORGIA.

It is error for the county court to refuse to charge the jury upon a materi.
al point, when requested so to do.

It is error for the court, in such case, to give the jury contradictory instruc.
tions.

If it be wholly uncertain what charge was given to the jury upon a mate.
rial point, the judgment will be reversed.

If two bills of exceptions are placed upon the record, by the county court,
and each purports to contain an entire statement of the case, and they
are contradictory to each other, both will be regarded as forming part of
the record of the case. (Redfield J. dissenting, on the ground that the
last bill supersedes the former.)

THIS was an action of assumpsit for services as an attor-
ney rendered in two suits in favor of one Austin, against
said town of Georgia.

Plea, *non-assumpsit.* Issue to the country.

In this case, there were two bills of exceptions brought
from the county court into this court, one of which was
signed by the two assistant judges of the county court, only,
and the other was, afterwards, signed by them and the judge
of this court, who presided at the trial.

Upon the trial in the county court, the plaintiff, in support
of the issue on his part, produced the dockets of the county
court, showing the entry and progress of the suits, and the
plaintiff's name entered as attorney for the town.   He also
introduced Israel P. Richardson, who testified that he was
present at a trial of one of the causes, *Austin* v. *Georgia,*
and that the plaintiff then assisted Mr. Allen in the defence.

The plaintiff also proved that one Bliss, who was the agent
of the town for conducting the suit, sat by during the trial
and advised with the counsel.

The defendants then introduced Heman Allen, who testi-
fied that he was originally the attorney of the defendants in
that suit, and that it was tried in March, 1833.   That after
the cause was called, the plaintiff came and inquired of the
witness about it, and he, Allen, said to the plaintiff, "Come, Mr.
Briggs, sit down and help me ;" that the plaintiff assented,
and did assist in the trial ; that, after that, he, Allen, told Mr.
Briggs, that he would procure an employment for him in the
cause, and spoke to Mr. Bliss, the agent, about engaging Mr.
Briggs ; that Bliss said he was well satisfied with Mr. Briggs,

but did not wish to employ other counsel, for reasons which he gave.

This witness further testified that he had no authority from the town, or Bliss the agent, to employ other counsel; that he did not intend to bind the town to pay Mr. Briggs, but considered the assistance rendered as a matter of friendly courtesy to him as one of the bar.

The defendants also introduced said Bliss, who testified that he never employed the plaintiff and knew nothing of his being engaged in the suit, until he sat down by Mr. Allen on the trial.

Upon this evidence the plaintiff requested the court to charge the jury that, under the circumstances of the case, the request and employment by Allen, the attorney of record of Georgia, would bind the town to the reasonable claims of the plaintiff, although Bliss, the agent, was also present at the time. And that if the jury found that the agent, Bliss, sat by the plaintiff during the trial and argument of the case, and prompted him in the examination of witnesses, and made no objection to the plaintiff's proceeding in the case, in such case, the law would imply a request and undertaking on the part of the town to pay the plaintiff for his services.

But the court refused so to charge the jury, but did charge them, as stated in the bill of exceptions signed by the three judges, as follows :—" That to entitle the plaintiff to reco-
" ver, they must find that the services were rendered at the
" request of the town or of some authorized agent of the
" town. That Mr. Allen, as counsel merely, would not be
" authorised to employ other counsel, if the agent, Bliss, was
" present superintending the suit, and that the request of Mr.
" Allen, unless concurred in by the agent, Bliss, or some
" other authorized agent, was not sufficient; that the fact
" that the agent, Bliss, sat by and counselled with the plain-
" tiff on the trial, was evidence of a request for them to
" weigh; that if the agent did this without knowing or hav-
" ing reason to suppose that the plaintiff intended to charge
" the town for his services, his silence, on that point, would
" not render the town liable in this action. But, that, on the
" other hand, if the agent gave Mr. Briggs any good reason
" to understand that he would be paid by the town, or if the
" agent knew or had reason to suppose from any thing which

" transpired on that occasion, that Mr. Briggs intended to " charge the town, and did not undeceive him as to his, the " agent's, purpose or understanding, they should find for the " plaintiff."

The charge of the court, as stated in the first bill of exceptions, signed only by the assistant judges, was as follows :

" The court charged the jury, among other things, that an " employment by Allen, the attorney of record of the town " of Georgia, the agent, Bliss, being present, would not bind " the town to pay for the services of the plaintiff, unless " Allen was requested, by the agent, to employ the plaintiff, " and that the jury must find there was a request, in fact, " from the agent, Bliss, to the plaintiff, to subject the town " to the claim of the plaintiff, and that the fact that the " agent, Bliss, sat by the plaintiff during the trial and argu- " ment of the cause and saw what was done by the plaintiff, " without objection, was not, of itself, sufficient in law to " raise a request, by implication, or make the town liable to " the plaintiff in this suit."

The jury returned a verdict for the defendants, and the plaintiff excepted.

Plaintiff *pro se.*

In this case the court below overruled the decision of this court made in the same case two years ago. 10 Vt. R. 70.

The court there say, " If the attorney who has the management of the suit, employ an assistant at the trial, and the client is present and sees the person thus employed assist in managing and conducting the suit, the inference would be strong, if not irresistible, that he consented to such employment and he would be liable to pay the fees of the assisting counsel."

The case shows almost the identical state of facts supposed in this opinion of the court.

Yet the charge to the jury, as appears from the case, was, that a promise, *in fact*, must have been made by Bliss, the agent, to bind the town, and that the fact that the agent, Bliss, sat by the plaintiff during the trial, and saw what was done without objection, was not, of itself, sufficient in law to raise a request by implication, or make the town liable to the plaintiff in this suit.

*A. G. Whittemore* for defendants.

There was no engagement, express or implied, on the part of Georgia, by which the plaintiff became entitled to charge fees for his services.

I.   There was no express engagement because

1. Mr. Allen had no power by virtue of his employment to engage additional counsel, nor to substitute another attorney in his place.

2. The application to Mr. Briggs was only to assist Mr. Allen as a matter of courtesy, which, it is presumed, has existed between the members of this bar as well as in other places.

3. But granting, for the sake of argument, that Mr. Allen might, under other circumstances, have engaged additional counsel, yet he had clearly no such power in this case. Bliss, the agent of the town, authorized to take the whole charge of the suit, was present, and could have engaged Mr. Briggs if he had thought proper, but he did not.  Every act of the kind on the part of Mr. Allen, in the presence of Bliss, unless understandingly sanctioned by him, would have been utterly void.

II.   There was no implied engagement of the plaintiff on the part of the agent, Bliss.

It was proved that Bliss did not know of any engagement by Allen, until after the cause was submitted to the jury, and when requested to engage him Bliss declined.   He no doubt supposed, as the case really was, that plaintiff was rendering a favor to Allen.   He was not obliged to call on the plaintiff to give his reasons for his appearance in the cause, especially as the trial had commenced before he found that the plaintiff was acting in it.   Upon this part of the case, however, which is purely a question of fact, the jury have given their verdict.

It only remains to show that the charge of the court upon the evidence touching the implied promise, was correct.

The charge leaves the whole case to the jury to form their own conclusion, and to infer an engagement, if any thing in the case would justify such a conclusion.   The charge expressly put it to the jury that even if there was no express promise, yet if Bliss gave the plaintiff any good reason to believe that he would be paid, the town would be chargeable, and that if Bliss had reason to suspect that the plaintiff designed to charge the town, it was his duty to undeceive him.

Most clearly there is nothing in this part of the charge, of which the plaintiff can complain.

The opinion of the court was delivered by

REDFIELD, J.—In this case there are two bills of exceptions still remaining upon the record. It would have comported better with my own notions of propriety, to have considered the last bill of exceptions, signed by the whole court, and professing to present a statement of the whole case, as superseding the former bill, in those particulars where the two bills were contradictory. But my brethren incline to treat both bills as forming part of the record. The plaintiff's claim is for professional services, as an attorney. The only question made in the case, was, whether the services, which, it was admitted, the plaintiff performed for defendants' benefit, were performed gratuitously, or under an engagement by defendants' agent or attorney. This was principally a matter of fact, to be determined by the jury upon a fair consideration of all the circumstances of the case. Upon that subject perhaps nothing more could be said than what is already reported in this case. 10 Vt. R. 68. If plaintiff performed the services without any expectation of receiving pay, he cannot recover. If he was expressly retained by defendants' agent, or by the attorney with the knowledge and consent of the agent, he is entitled to recover a reasonable compensation. If there was no express retainer, still, if the plaintiff, at the time of performing the services, expected to receive pay and was fairly justified in such expectation, either from the manner in which he was called into the case, or in which he was treated by defendants' agent during the time of performing the services, he should recover. In the first bill of exceptions it is said by the court to the jury, that they would not be justified in inferring an employment from these circumstances, which is manifest error. In the last bill, the jury are as explicitly told that they may infer an employment from these circumstances, which is wholly repugnant to the doctrine laid down in the first bill. If both bills stand, we can only suppose that the jury are charged both ways in regard to the same point, i. e. that the same precise proposition, which is decisive of the case, is law and that it is not law. This is equivalent to the court refusing to charge upon a material point, when requested so to do,

which is always regarded as erroneous. Because, then, we do not know what charge was given, and as the plaintiff was entitled to a charge upon the point, the judgment of the county court is reversed and the case remanded for new a trial.